UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

TOM BLACKSHEAR

    Petitioner,

vs.

UNITED STATES OF AMERICA

    Respondent.

FILED

JUL 1 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

50004

Case # 00-CR-5004
Hon. Philip G. Reinhard

**Motion Pursuant To Federal Rule Of Civil Procedures Rule 60 (b)(6)**

Now comes Tom Blackshear, the petitioner appearing through pro se representation, asking the Court to construe this motion liberally and apply <u>Haines v. Kerner</u>, 30 L.3d 2d 852 (1976) & <u>Estella v. Gamble</u>, 50 L.3d 2d 251 (1976)

A Court should make a reasonable attempt to read the pleading to state a valid claim on which the petitioner could prevail.

**Newly Discovered Evidence**

Discovered by Honorable Phillip G. Reinhard while researching this case for a 3582(c)(2) Motion under the crack law, he found two "mistakes."1 (See Exhibit 1)

---

1) The Court notes that upon reviewing defendant's original sentence for purposes of his §3582(c)(2) motion, it discovered two errors. First, the Court grouped his two offenses under §3D1.2(d) when they should have been grouped under §3D1.2(c). Additionally, the Court added 2 levels under §3D1.4 even though that provision is only applicable to situations involving multiple groupings of offenses. Such misapplications, however, do not affect defendant's present motion under § 3582(c)(2).

---

Relief from a Judgment or Order
Pursuant to Rule 60, F.R.Cr.P.

---

Rule 60 of the Federal Rules of Criminal Procedure Provides that:

(a) <u>Corrections based on clerical mistake, oversights, and omissions.</u>

(b) <u>Grounds for releif from final Judgment order or proceeding.</u>

   (1) Mistake inadvertence surprise or excusable neglect...

   (2) Newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b)...

   (6) Any other reason that justifies relief...

Petitioner contends that he meets all four of these circumstances.

(c) <u>Timing and effect of the Motion.</u>

(1)(2) and (6) has been met, so the petitioner ask the Court that in the fairness and preservation of Justice, it wave the one year time table on (1) & (2). This could not have been delt with at sentencing. Petitioner's Attorney never filed one motion on his behalf, leaving him basically "ATTORNEYLESS."

<u>60(b)(6)</u>

Has no time limitations, giving this Court jurisdiction.

---

**Plain Error**

---

To adjust a finding of plain error, their must be an error that is plain, that effects substantial rights. Olano 507 at 732 When the above criteria is satisfied, this Court may, in its discretion, vacate petitioners sentence, provided that the error seriously effects the fairness and integrity of public reputation of Judicial procedings. See United States v. Atkinson, 297 U.S. 157, 160, 56 S$^{ct}$ 391. 80 led 555 (1936)

The petitioner contends that the grouping and application of 3D1.2(d), along with the two level enhancement he received under 3D1.4, that only applies to multiple offenses, subjected him to a severely harsher punishment than law provids. Petitioner should be resentenced at the proper guideline range 29. (151 to 188 months) Because of the amount of rehabilitation, he asks this Court to consider the lower end of the sentencing guidelines. (151 months) See Irizarry v. United States U.S. No 06-7517 dated June 12, 2008

Federal Judges do not have to give notice before imposing a non-guideline sentence.... This also gives a final interpretation of Fed R. Crim P. 32 "Departure" Federal Judges have given their power back. Hon. Philip G Reinhard stated at petitioners sentencing on 12-27-00, that his hands were tied. By law, "Not any more." U.S. v. Stossel 348 F3d 1320 11thCir 2003, states Courts must look beyond petitioners label of motion.

In conclusion, please review this and construe it as the Court feels right. Please apply any rules and all case law that apply. I'm not a lawyer and have no desire to become one. That said, if needed, please appoint me an attorney that can assist in

this matter. I would like permission to file the proper motion(s) that apply in my case.

Dated this 14 day of July, 2008.

Respectfully submitted,

Tom Blackshear
Tom Blackshear

Contact Information
Tom Blackshear - #12209-424
Federal Prison Camp
PO Box 33
Terre Haute, IN    47808

EXHIBIT 1

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 50004 - 1 | **DATE** | 6/30/2008 |
| **CASE TITLE** | U.S.A. vs. Thomas E. Blackshear | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's § 3582(c)(2) motion for a reduction in his sentence of imprisonment is denied. The motions for an evidentiary hearing and appointment of counsel are denied.

*Philip G. Reinhard*

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and made retroactive by 28 U.S.C. § 994(u), and the Government's response, this court having reviewed those filings, the original Presentence Investigation Report and Judgment of Conviction, and the Special Report of the Probation Officer, and defendant's supplemental brief and defendant's response to the Special Report and applying § 1B1.10 and the application notes thereto, the court concludes defendant is not eligible for a sentence reduction. In sentencing defendant originally, the court grouped defendant's two offenses under § 3D1.2, and determined his combined adjusted offense level to be 31 based on a higher adjusted offense level of 29 for the felon in possession count plus 2 points under § 3D1.4.[1] Upon applying the career offender enhancement under § 4B1.1(b), the court calculated defendant's offense level to be 34. After reducing the offense level by 3 for acceptance of responsibility under § 3E1.1, defendant's total offense level was 31, with an applicable sentencing guideline range of 188-235 months. Under the crack cocaine amendment, defendant's adjusted offense level for his drug offense count is 26, but his total offense level remains 31 based on the career offender enhancement under § 4B1.1(b).

Even if defendant was not ineligible for a sentence reduction because of the career offender enhancement, he would still be ineligible because under the grouping provisions of 3D1.1, the adjusted offense level of 29 for the felon in possession count would control and his total offense level would not be effectively reduced. See § 3D1.3, app. note 2. Pursuant to U.S.S.G. § 1B1.10(a)(2)(B), a reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) where the crack cocaine amendment does not lower the defendant's applicable guideline range because of the operation of another guideline or the statutory mandatory minimum. See 1B1.10, app. note 1.(A). Defendant's guideline range remains the same, 188 to 235 months, has not been lowered, and defendant's § 3582(c)(2) motion for reduction in his sentence of imprisonment is denied. Defendant has also raised in his supplement several other bases for reducing his sentence, none of which are proper reasons to reduce his sentence under § 3582(c)(2). The court also denies the motion for an evidentiary hearing and the motion for appointment of counsel, see U.S. v. Tidwell, 178 F.3d 946 (7th Cir. 1999).

| | Courtroom Deputy Initials: | /SEC |
|---|---|---|

---

[1] The court notes that upon reviewing defendant's original sentence for purposes of his § 3582(c)(2) motion, it discovered two errors. First, the court grouped his two offenses under § 3D1.2(d) when they should have been grouped under § 3D1.2(c). Additionally, the court added 2 levels under § 3D1.4 even though that provision is only applicable to situations involving multiple groupings of offenses. Such misapplications, however, do not affect defendant's present motion under § 3582(c)(2).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

TOM BLACKSHEAR,

    Petitioner,

v.                                  Case # 00-CR-5004

UNITED STATES OF AMERICA,

    Respondent.

### CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I mailed by United States Postal Services a Motion Pursuant to Federal Rule of Civil Procedures Rule 60(b)(6) and In Pro Tunk to the following:

    Clerk of Court
    211 South Court Street
    Rockford, IL    61101

    U S. Attorney's Office
    308 West State Street
    Room 300
    Rockford, IL    61101

Dated: July 14, 2008                BY: _____
                                                      Tom Blachshear
                                                      Federal Prison Camp
                                                      PO Box 33
                                                      Terre Haute, IN    47808